**CONFIDENTIAL AGREEMENT AND MUTUAL GENERAL RELEASE**

This Confidential Agreement and Mutual General Release (the "Agreement") is made and entered into on the date(s) reflected below by and between Xquisite Events, Inc. (the "Company"), Edward Gilbert, an individual ("Gilbert"), Jean Richard Luc, an individual (the "Plaintiff"), Jean Hubert Luc, an individual ("Jean Hubert"), Eddy Luc, an individual ("Eddy"), and Claudel Luc, an individual ("Claudel").

WHEREAS:

A.  The Plaintiff previously was employed by the Company.

B.  On or about November 15, 2010, the Plaintiff filed a lawsuit against the Company and Gilbert, individually (collectively, the "Defendants") in the United States District Court for the Southern District of Florida (the "District Court"), Case No.10-81473-CIV-ZLOCH/ROSENBAUM (the "Civil Action").

C.  On or about January 4, 2011, Jean Hubert, Eddy, and Claudel, who were also previously employed by the Company, opted in to the Civil Action.  Collectively, the Plaintiff, Jean Hubert, Eddy, and Claudel will be referred to as "the Plaintiffs."

D.  The Plaintiffs claim that they are entitled to but did not receive from the Defendants certain compensation allegedly owed to them pursuant to the Fair Labor Standards Act of 1938, as amended (the "Alleged Compensation Amount").

E.  The Defendants dispute and deny that the Plaintiffs are entitled to receive the Alleged Compensation Amount or any part thereof.

F.  There are bona fide disputes between the Defendants and the Plaintiffs as to whether the Plaintiffs are entitled to receive the Alleged Compensation Amount or any part thereof.

G.  The Defendants deny each and every material allegation set forth in the Civil Action, and deny having committed any wrong or causing any injury to the Plaintiffs.

H.  In order to avoid the further costs and burdens of litigation, the Defendants and the Plaintiffs now desire to settle fully and finally any and all differences between them, including, but not limited to, those differences embodied in the Civil Action.

NOW, THEREFORE, the Plaintiffs and the Defendants agree as follows:

Plaintiffs' Initials *J.R.L*
*JHL*
*C.L*
*EL*

1.      The foregoing recitals constitute part of this Agreement.

2.      Simultaneously with the execution of this Agreement, the Plaintiffs will execute the Settlement Agreement attached hereto as Exhibit "A," the terms and conditions of which are incorporated herein.

3.      Together with the Settlement Agreement attached hereto as Exhibit "A," the attorneys for the Plaintiffs will execute a Joint Motion to Review and Approve FLSA Settlement and Dismiss Action with Prejudice (the "Joint Motion") in the form attached hereto as Exhibit "B" with respect to the Civil Action, and forward it to the Defendants' attorneys as set forth in Paragraph 25(a) below. The Plaintiffs and the Defendants hereby authorize and instruct their respective attorneys to transmit the executed Joint Motion and proposed form of Order attached hereto as Exhibit "C" to the District Court. The Plaintiffs and their attorneys and the Defendants and their attorneys further agree to take whatever other actions are necessary to effectuate the dismissal with prejudice of the Civil Action, including, but not limited to, filing additional motions should the District Court disapprove or deny the Joint Motion attached hereto as Exhibit "B."

4.      The Plaintiffs agree and acknowledge that they shall not in the future provide any services to, or be employed by, the Defendants.  The Plaintiffs further agree and acknowledge that they will not knowingly accept, apply for, or otherwise seek employment with, or otherwise seek to perform services for, the Defendants or any of its subsidiaries, divisions, related companies, or controlling shareholders (direct or indirect) at any time. In the event that any of the Plaintiffs are inadvertently employed by any of the foregoing (including as an independent contractor), he will promptly notify the employing person or entity of his obligation to resign from such employment, and the employing entity shall have the right to require his resignation forthwith.

5.      The Plaintiffs represent, warrant, and acknowledge that the Defendants do not owe them any wages, commissions, bonuses, vacation pay, or other compensation or payments of any kind or nature, other than as set forth in this Agreement.  The Plaintiffs further agree and understand that the amounts paid by or on behalf of the Defendants pursuant to this Agreement are being paid strictly and solely for purposes of settlement and that the Defendants expressly deny that the Plaintiffs are entitled to receive the Alleged Compensation Amount or any part thereof.

6.      The Plaintiffs represent, warrant, and acknowledge that there are bona fide disputes between them and the Defendants as to whether they are entitled to receive the Alleged Compensation Amount or any part thereof.  Notwithstanding that the Defendants expressly deny that the Plaintiffs are entitled to receive the Alleged Compensation Amount or any part thereof, the Plaintiffs represent, warrant, and agree that the amounts paid by

Plaintiffs' Initials _J.R._
_J.H._
_C.L._
_E.L._

2

or on behalf of the Defendants pursuant to the Settlement Agreement attached hereto as Exhibit "A" represent payment-in-full of (a) the Alleged Compensation Amount; and (b) any and all others amounts, including but not limited to alleged unpaid wages, alleged liquidated damages, and costs and attorney's fees, to which the Plaintiffs claim or may claim entitlement as against the Defendants, including amounts pursuant to the Fair Labor Standards Act of 1938, as amended.

7. The Plaintiffs, in consideration of their Agreement and the mutual promises set forth herein, and for other good and valuable consideration received from or on behalf of the Defendants, receipt whereof is hereby acknowledged, hereby release and forever discharge the Defendants and the Defendants' parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, shareholders (direct or indirect), directors, officers, employees, agents, and attorneys (and the shareholders (direct or indirect), directors, officers, employees, agents, and attorneys of such parent companies, subsidiaries, affiliates, and related companies), and all persons acting by, through, under, or in concert with any of them, and Gilbert, individually, and his respective heirs, executors, administrators, successors, and assigns (the Defendants and the foregoing other persons and entities are hereinafter defined separately and collectively as the "Defendants' Releasees"), from all actions, causes of action, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, claims, and demands whatsoever, whether known or unknown, either in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to, or arising out of any aspect of the Plaintiffs' relationships with the Defendants, including the Plaintiffs' employment relationships with the Defendants, any agreement concerning such relationships, or the termination of such relationships, including, but not limited to:

(a) any and all claims asserted, or which could have been asserted, in the Civil Action, including, but not limited to, any and all claims under the Fair Labor Standards Act of 1938, as amended;

(b) any and all claims of wrongful discharge or breach of contract, any and all claims for equitable estoppel, any and all claims for employee benefits, including, but not limited to, any and all claims under the Employee Retirement Income Security Act of 1974, as amended, and any and all claims of employment discrimination on any basis, including, but not limited to, any and all claims under Title VII of the Civil Rights Act of 1964, as amended, under the Age Discrimination in Employment Act of 1967, as amended (the "ADEA"), under the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended, under the Civil Rights Act of 1991, as amended, under the Americans with Disabilities Act of 1990, as amended, under the Immigration Reform and Control Act of 1986, as amended, under the Family and Medical Leave Act of 1993, as amended, under the Florida Civil Rights Act

Plaintiffs' Initials J·R·L
JHL
C·L
E·L

3

of 1992, as amended, under the Florida Equal Pay Law, as amended, under the Florida Wage Discrimination Law, as amended, and under the Florida Minimum Wage Law, as amended;

(c)     any and all claims under any other federal, state, or local wage and hour law, employment law, labor law, civil rights law, human rights law, or workers' compensation law;

(d)     any and all claims of slander, libel, defamation, invasion of privacy, intentional or negligent infliction of emotional distress, negligent misrepresentation, fraud, negligent hiring, supervision or retention, assault and battery, and prima facie tort; and

(e)     any and all claims for monetary recovery, including, but not limited to, back pay, front pay, liquidated, compensatory or punitive damages, attorneys' fees, experts' fees, disbursements, and costs; which, against the Defendants' Releasees, the Plaintiff or his heirs, executors, administrators, successors, and assigns ever had, now has, or hereafter can, will, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date the Plaintiff executes this Agreement.

8.     The Plaintiffs understand and acknowledge that there may be facts or information which they do not know or which they suspect to exist in their favor at the time they executes this Agreement, and they agree that this Agreement is intended to and does extinguish any and all claims they might have based on such facts or information.

9.     Excepting only the Civil Action, the Plaintiffs represent and warrant that they have never commenced nor filed, and covenant and agree never to commence, file, aid, or in any way prosecute or cause to be commenced or prosecuted against the Defendants' Releasees, or any of them, any action, charge, complaint, or other proceeding, whether administrative, judicial, legislative, or otherwise, including, but not limited to, any action or proceeding for attorneys' fees, experts' fees, disbursements, or costs, based upon or seeking relief on account of actions or failures to act by the Defendants' Releasees, or any of them, which may have occurred or failed to occur before his execution of this Agreement.

10.     The Plaintiffs represent and warrant that no other person is entitled to assert any claim based on or arising out of any alleged discriminatory, unlawful, wrongful, tortious, or other conduct against them by the Defendants' Releasees, or any of them, including, but not limited to, any and all claims for attorneys' fees, experts' fees, or damages resulting as a consequence thereof, based upon or seeking relief on account of actions or failures to act by the Defendants' Releasees which may have occurred or failed to occur before his

Plaintiffs' Initials  J.R.L.
                      I.H.L.
                      C.L.
                      E.L.

4

execution of this Agreement.  The Plaintiffs further represent and warrant that they have not assigned and will never assign any such claim, and that in the event any such claim is filed or prosecuted by any other person or entity, he will cooperate fully with the Defendants' Releasees and will move immediately to withdraw his name and to disassociate themselves completely from any such claim, will request such person or entity to withdraw such claim with prejudice, and will not voluntarily cooperate with or testify on behalf of the person or entity prosecuting such claim.

11.     (a)     The Plaintiffs and Shavitz Law Group, P.A. ("Counsel for the Plaintiffs") each acknowledge that maintaining confidentiality with respect to this Agreement is of paramount importance to the Defendants. Accordingly, the Plaintiffs and Counsel for the Plaintiffs each represent and warrant that he or it has kept and, except as pursuant to subpoena or other legal compulsion, covenants and agrees that he or it will keep the terms and fact of this Agreement and the Settlement Agreement attached hereto as Exhibit "A," including but not limited to any negotiations leading to the execution of this Agreement, strictly confidential, and will not disclose (whether verbally, in writing, through non-verbal means (such as winks or nods of the head), or otherwise) any information concerning this Agreement, the Settlement Agreement attached hereto as Exhibit "A" or that the Settlement Agreement attached hereto as Exhibit "A" is a matter of public record, to any person, firm, corporation, governmental agency, or other entity, without the prior written consent of the Defendants.  This prohibition does not apply to any filing or related communication with any federal, state or local tax or revenue authority, or to communications with an immediate family member, counsel, or professional tax advisor, who agrees, in advance, to be similarly bound; the Plaintiffs are responsible for insuring that any such individuals keep the facts and terms of this Agreement confidential.  Upon inquiry to the Plaintiffs or Counsel for the Plaintiffs by any third party, other than those listed in the preceding sentence, as to anything related to the Civil Action, including but not limited to the filing or resolution of same, any response shall be strictly limited to the following verbal communication:  "The matter has been resolved and I cannot discuss it any further."  Specifically, neither the Plaintiffs nor Counsel for the Plaintiffs will disclose that the Settlement Agreement attached hereto as Exhibit "A" is a matter of public record.

(b)     Plaintiffs and Counsel for the Plaintiffs each agree and understand that the terms of this Agreement being disclosed in open court does not in any way waive, limit or abrogate their obligation to keep the fact and terms of this Agreement and the Settlement Agreement attached hereto as Exhibit "A" confidential as described in Paragraph 11(a) above.

(c)     The Plaintiffs and Counsel for the Plaintiffs each agree, represent and warrant he or it shall not, subsequent to the execution of this Agreement, communicate (whether verbally, in writing, through non-verbal means (such as winks or nods of the

Plaintiffs' Initials  _J.R.\_
                      _I.H.L_
                      _C.L_
                      _E.L_

5

head), or otherwise) with any former or current employee or independent contractor of the Company concerning the Civil Action or the claims set forth in the Civil Action.

(d)     Should the Plaintiffs or Counsel for the Plaintiffs become aware of the possibility that the terms and fact of this Agreement may be disclosed as a result of subpoena or other legal compulsion, he or it shall provide notice thereof in writing to the Defendants' attorneys as set forth in Paragraph 25(a) below within seven (7) days of the date that he or it becomes aware of the possibility in order to provide the Defendants with an opportunity to prevent disclosure through a protective order or any other appropriate legal mechanism.

(e)     The Plaintiffs and Counsel for the Plaintiffs each acknowledge and agree that the covenants set forth in Paragraphs 11(a) through 11(e) above are a material inducement to the Defendants to enter into this Agreement.     Accordingly, and notwithstanding any other remedies that also may be available to the Defendants, in the event of any proven violation by either of the Plaintiffs and/or Counsel for Plaintiffs of any of the representations, warranties, agreements, or covenants contained in Paragraphs 11(a) through 11(d) above, the Defendants will be entitled to collect from the breaching party (the Plaintiff, Jean Hubert, Eddy, or Claudel) any and all damages resulting from or caused by such violation. Additionally, and notwithstanding any other remedies that also may be available to the Defendants, in the event of any violation by the Plaintiffs and/or Counsel for the Plaintiffs of any of the representations, warranties, agreements, or covenants contained in Paragraphs 11(a) through 11(d) above, the Defendants will be entitled to collect from the breaching party liquidated damages as follows: for the Plaintiff, $1,470.00 per proven violation; for Jean Hubert, $3,000.00 per proven violation; for Eddy, $500.00 per proven violation; and for Claudel, $500.00 per proven violation. The parties acknowledge and agree that such a violation by the Plaintiffs and/or Counsel for the Plaintiffs would cause damage to the Defendants which is not readily or easily quantifiable. Each of the Plaintiffs expressly acknowledge and agree that the breaching party (whether the Plaintiff, Jean Hubert, Eddy, or Claudel) shall be so liable with respect to a violation by such breaching party (the Plaintiff, Jean Hubert, Eddy, or Claudel) or Counsel for the Plaintiffs.

12.     (a)     The parties acknowledge that maintaining each other's good reputation in the community is of paramount importance to one another. Accordingly, the Plaintiffs and the Defendants represent and warrant that they will not disparage or encourage or induce others to disparage one another by any type of communication, whether verbally, in writing, through gesture or other non-verbal means (such as winks or nods of the head), or otherwise. These proscriptions include, but are not necessarily limited to, communications that are in any way injurious to the reputation and interests of one another, such as, without limitation, any negative or derogatory comments.

Plaintiffs' Initials J.R.L
                     JHL
                     C.L
                     E.L

6

(b)   The Plaintiffs agree that they have not and will not divulge and/or communicate to any third parties, or in any way make use of any confidential or proprietary information, or any other information relating to the business of the Company (collectively "Confidential Information") acquired in the performance of their duties for and/or during their employment with the Company unless compelled pursuant to the order of a court or other governmental or legal body having jurisdiction over such matter.  If either of the Plaintiffs are compelled by order of a court or other governmental or legal body to communicate or divulge any such Confidential Information to anyone other than the Defendants and those designated by Defendants, they shall give prompt written notice of any such order to Ellen M. Leibovitch, Esq., Shapiro, Blasi, Wasserman & Gora, P.A., 7777 Glades Road, Suite 400, Boca Raton, Florida 33434, prior to communicating or divulging any such Confidential Information and he shall cooperate fully with the Company in protecting such Confidential Information to the extent possible under applicable law. "Confidential Information" shall not include information which is known within the applicable industry or is or becomes generally available to the public other than as a result of disclosure in violation of this Paragraph 12(b).

13.   Excepting claims based upon representations, warranties, agreements, covenants, and promises made in or pursuant to this Agreement, including but not limited to the agreements set forth in Paragraphs 11(a) through 11(f) and Paragraphs 12(a) and 12(b) above, the Defendants, in consideration of this Agreement and the mutual promises set forth herein, and for other good and valuable consideration received from or on behalf of the Plaintiffs, receipt whereof is hereby acknowledged, release and forever discharge the Plaintiffs and their respective heirs, executors, administrators, successors, and assigns, from all actions, causes of action, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, claims, and demands whatsoever, whether known or unknown, either in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to, or arising out of any aspect of the Plaintiffs' relationship with the Defendants, any agreement concerning such relationship, or the termination of such relationship, which, against the Plaintiffs, the Defendants or the Defendants' successors and assigns ever had, now have or hereafter can, will, or may have, by reason of any matter or cause whatsoever, from the beginning of the world to the date the Defendants execute this Agreement.

14.   Should any provision of this Agreement be declared or determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, the validity of the remaining parts, terms, or provisions will not be affected thereby, and said illegal, invalid or unenforceable part, term, or provision will be deemed not to be a part of this Agreement.

Plaintiffs' Initials _J . R·h_
_J H L_
_C . L_
_E . L_

15.     No payment made pursuant to this Agreement shall constitute or be considered "wages," "earnings" or "compensation" for any purpose under any retirement plan, welfare plan, stock purchase plan, bonus plan, employee stock ownership plan or vacation policy of the Company.

16.     In any action or proceeding, including but not limited to appellate proceedings, relating to or arising out of this Agreement, the prevailing party shall be entitled to recover his or their costs and attorneys' fees.

17.     This Agreement is to be interpreted, construed, and enforced pursuant to the substantive laws of the State of Florida, without regard to choice of law principles. Any action or proceeding relating to or arising out of this Agreement shall solely and exclusively be brought in the District Court or in a state court of competent jurisdiction in Palm Beach County, Florida and both venue and jurisdiction shall solely and exclusively be in the District Court or in a state court of competent jurisdiction in Palm Beach County, Florida.

18.     Should any term or provision of this Agreement require interpretation or construction, it is agreed by the parties that the court or other entity interpreting or construing this document shall not apply any presumption that the terms and provisions of this Agreement shall be more strictly construed against any particular party, it being agreed that all parties and their respective attorneys have fully participated in the preparation of all terms and provisions of this Agreement.

19.     This Agreement and the Settlement Agreement attached hereto as Exhibit "A" sets forth the entire agreement between the parties hereto, fully supersedes any and all prior agreements or understandings between the parties regarding the subject matter hereof, and may not be modified orally.

20.     This Agreement is not, and shall not in any way be construed as, an admission by the Defendants or any of the Defendants' Releasees of any liability to, or of any unlawful or otherwise wrongful acts against, the Plaintiff or any other person, and the Defendants specifically disclaim any liability to, or any unlawful or otherwise wrongful acts against, the Plaintiffs or any other person on the part of the Defendants or any of the other Defendants' Releasees. This Agreement shall not be admissible or discoverable in any court or administrative proceeding other than as necessary in an action or proceeding for the express purpose of enforcing or construing this Agreement.

21.     The Plaintiffs expressly represent, warrant, and acknowledge that the terms and provisions of this Agreement herein stated are the only consideration for signing this Agreement; that no other promise or agreement of any kind has been made by, to or with any person or entity whatsoever to cause the signing of this Agreement; and that, in

Plaintiffs' Initials J.R.1

JHL

C.L

E.1.

8

executing this Agreement, they do not rely and have not relied upon any representation or statement made by any of the Defendants' Releasees or by any of the Defendants' Releasees' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise.

22.     The Plaintiffs represent and acknowledge that their signature hereon shows that they have decided, knowingly, voluntarily, freely and without coercion, after consulting with appropriate legal counsel, to execute this Agreement in return for the consideration paid by the Defendants, and that their signatures appearing hereon are genuine.

23.     Notwithstanding any other provision of this Agreement to the contrary, the Company and the Plaintiffs agree that:

(a)     The Plaintiffs, in consideration of the promises made and the payments and benefits provided by the Defendants, as described in the Settlement Agreement attached hereto as Exhibit "A" (which the Plaintiffs agree constitutes consideration in addition to anything of value to which he is already entitled), agree that this Agreement constitutes a knowing and voluntary waiver of all rights or claims they may have against the Defendants Releasees, or any of them, including, but not limited to, all rights or claims arising under the ADEA, including, but not limited to, all claims of age discrimination in employment and all claims of retaliation in violation of the ADEA.

(b)     By entering into this Agreement, the parties do not waive rights or claims that may arise after the date this Agreement is executed.

(c)     This Agreement does not affect the rights and responsibilities of the U.S. Equal Employment Opportunity Commission (the "EEOC") or like agencies to enforce the ADEA and other laws, and will not affect or be used to interfere with either of the Plaintiffs' protected right to file a charge or participate in an investigation or proceeding conducted by the EEOC or like agencies. The Plaintiffs further agree that they knowingly and voluntarily waive all rights or claims (that arose prior to his execution of this Agreement) that they may have against the Defendants Releasees, or any of them, to receive any benefit or remedial relief (including, but not limited to, reinstatement, back pay, front pay, damages, and attorneys' fees) as a consequence of any charge filed with the EEOC or like agencies, or of any litigation concerning any facts alleged in any such charge.

(d)     This Agreement will not affect or be used to interfere with the Plaintiffs' protected rights to test in any court of competent jurisdiction, under the Older Workers Benefit Protection Act (or like statute or regulation), the validity of the waiver of rights set forth in Paragraphs 7 through 9 (and their subparagraphs) of this Agreement.

Plaintiffs' Initials _J·R·L_
_JHL_
_C·L_
_E·L_

(e)     For a period of seven (7) days following his execution of this Agreement, the Plaintiffs have the right to revoke this Agreement by written notice delivered within such period to the Defendants' attorneys as set forth in Paragraph 25(a) below.

(f)     The Plaintiffs and the Defendants further agree and acknowledge that this Agreement will not become effective or enforceable until the eighth (8th) day after its execution by the Plaintiffs; and that in the event the Plaintiffs revoke this Agreement prior to said eighth (8th) day, this Agreement, and the promises contained in it, will automatically be deemed null and void.

(g)     The Plaintiffs' acceptance of the monies or other consideration paid by the Defendants, as described in the Settlement Agreement attached hereto as Exhibit "A," at any time more than seven (7) days after the Plaintiffs have executed this Agreement, will constitute an admission by the Plaintiffs that they have not revoked this Agreement during the revocation period, and that this Agreement has become fully effective and enforceable.

(h)     The Defendants hereby advise and urge the Plaintiffs in writing to consult with an attorney prior to executing this Agreement.

(i)     The Plaintiffs represent, warrant and acknowledge that the Defendants gave them a period of twenty-one (21) days in which to consider this Agreement before executing it. If the Plaintiffs execute this Agreement at any time prior to the end of such twenty-one (21) day period, such early execution was a knowing and voluntary waiver of the Plaintiffs'' right to consider this Agreement for twenty-one (21) days, and was due to their belief that they had ample time in which to consider and understand this Agreement, and to review it with an attorney.

24.     This Agreement may be executed in counterparts, each of which shall be deemed an original, and the counterparts shall together constitute one and the same instrument, notwithstanding that the parties hereto may not be signatories to the original or the same counterpart. The parties agree and acknowledge that a photocopy, facsimile copy or email copy of an executed signature or initialed page may be used in place of an original executed signature or initialed page for any purpose.

25.     Any notice, correspondence, payment or other communication contemplated by or connected with this Agreement shall be directed as follows:

(a)     <u>If to the Defendants</u>:

**Plaintiffs' Initials** T. R. L.
J. H. L.
C. L.
E. L.

10

Ellen M. Leibovitch, Esq.
Shapiro, Blasi, Wasserman & Gora, P.A.
7777 Glades Road, Suite 400
Boca Raton, Florida 33434
Telephone:   (561) 477-7800
Facsimile:    (561) 477-7722

(b)     If to the Plaintiff:

Gregg I. Shavitz and Keith M. Stern, Esq.
Shavitz Law Group, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, Florida  33432
Telephone:   (561) 447-8888
Facsimile:    (561) 447-8831

26.     THE PLAINTIFFS EXPRESSLY REPRESENT AND WARRANT THAT THEY (a) HAVE CAREFULLY READ THIS AGREEMENT OR HAVE HAD IT READ TO THEM; (b) FULLY UNDERSTAND THE TERMS, CONDITIONS, AND SIGNIFICANCE OF THIS AGREEMENT; (c) HAVE HAD AMPLE TIME TO CONSIDER AND NEGOTIATE THIS AGREEMENT; (d) HAVE HAD A FULL OPPORTUNITY TO REVIEW THIS AGREEMENT WITH THEIR ATTORNEYS, SHAVITZ LAW GROUP, P.A., AND HAVE DONE SO; AND (e) HAVE EXECUTED THIS AGREEMENT VOLUNTARILY, KNOWINGLY, AND WITH THE ADVICE OF THEIR ATTORNEYS.

XQUISITE EVENTS, INC.

By: _____ *EDWARD GILBERT*

Its: _____ *PRESIDENT*

Dated: _____8/31/11_____

Plaintiffs' Initials  *J.R.L*
                      *J.H.L*
                      *C.L*
                      *E.L*

11

_JEAN RICHARD LUC_
JEAN RICHARD LUC

Dated: _08 - 29 - 2011_

_Jean Hubert Luc_
JEAN HUBERT LUC

Dated: _08 - 29 - 2011_

_EDDY LUC_
EDDY LUC

Dated: _08 - 29 - 2011_

_Claudel Luc_
CLAUDEL LUC

Dated: _08 - 29 - 2011_

SHAVITZ LAW GROUP, P.A.

By: _Keith M. Stern_

Dated: _08 - 30 - 2011_

Plaintiffs' Initials _J.R.L_
_JHL_
_C.L_
_E.L_

12

**Exhibit "A"**

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into on the date(s) reflected below by and between Xquisite Events, Inc. (the "Company"), Edward Gilbert, an individual ("Gilbert"), Jean Richard Luc, an individual (the "Plaintiff"), Jean Hubert Luc, an individual ("Jean Hubert"), Eddy Luc, an individual ("Eddy"), and Claudel Luc, an individual ("Claudel").

WHEREAS:

A.      The Plaintiff previously was employed by the Company.

B.      On or about November 15, 2010, the Plaintiff filed a lawsuit against the Company and Gilbert, individually (collectively, the "Defendants") in the United States District Court for the Southern District of Florida (the "District Court"), Case No.10-81473-CIV-ZLOCH/ROSENBAUM (the "Civil Action").

C.      On or about January 4, 2011, Jean Hubert, Eddy, and Claudel, who were also previously employed by the Company, opted in to the Civil Action.  Collectively, the Plaintiff, Jean Hubert, Eddy, and Claudel will be referred to as "the "Plaintiffs."

D.      The Plaintiffs claim that they are entitled to but did not receive from the Defendants certain compensation allegedly owed to them pursuant to the Fair Labor Standards Act of 1938, as amended (the "Alleged Compensation Amount").

E.      The Defendants dispute and deny that the Plaintiffs are entitled to receive the Alleged Compensation Amount or any part thereof.

F.      There are bona fide disputes between the Defendants and the Plaintiffs as to whether the Plaintiffs are entitled to receive the Alleged Compensation Amount or any part thereof.

G.      The Defendants deny each and every material allegation set forth in the Civil Action, and deny having committed any wrong or causing any injury to the Plaintiffs.

H.      In order to avoid the further costs and burdens of litigation, the Defendants and the Plaintiffs now desire to settle fully and finally any and all differences between them, including, but not limited to, those differences embodied in the Civil Action.

Plaintiffs' Initials _J.R.L._
_JHL_
_C.L_
_E.L_

13

NOW, THEREFORE, the Plaintiffs and the Defendants agree as follows:

1.  In consideration of this Agreement and the mutual promises set forth herein, and in full, final and complete settlement, the Defendants shall cause to be paid to the Plaintiffs and their attorneys, Shavitz Law Group, P.A. ("Shavitz"), the total amount of Fourteen Thousand Six Hundred Twenty-Five Hundred Dollars and No Cents ($14,625.00), which includes consideration as follows:  (a) $1,470.00 for the Plaintiff's alleged overtime wages, liquidated damage and all other claims; (b) $3,000.00 for the claims of Jean Hubert; (c) $500.00 for the claims of Eddy; (d) $500.00 for the claims of Claudel; and (e) $8,087.50 in consideration of Plaintiffs' attorneys' fees and $1,067.50 in cost reimbursements.  Payment of the settlement sum of $14,625.00 shall be made in nine (9) equal monthly installments, the first of which shall be due within one week of the District Court's entry of an order dismissing the Civil Action.  Each of the nine (9) payments will be delivered to Shavitz and in the form of a check made payable to "Shavitz Law Group Trust Account" (Tax ID number 65-0969405).

2.  The payments set forth above will be reported by the Company for tax purposes on a Form 1099 to be issued by the Company to each of the Plaintiffs, and the Plaintiffs agree and understand that all applicable taxes shall be withheld from such payments.  Plaintiffs and Shavitz each agree and understand that no taxes shall be withheld from these payments.  The Plaintiffs further represent, warrant, and acknowledge that the payment set forth above is entirely at their instigation and request both as to fact and amount, and for his convenience, and that the Defendants are not in any manner whatsoever involved in their request that such payment be so directed.  The Plaintiffs and Shavitz each agree and acknowledge that, between them, as allocated pursuant to applicable law, he or it will be solely responsible for the payment of any and all taxes with respect to the payments referenced in this paragraph, and each represents and warrants that such taxes will be timely and fully paid.

3.  Notwithstanding that the Defendants expressly deny that the Plaintiffs are entitled to receive the Alleged Compensation Amount or any part thereof, the Plaintiffs represent, warrant, and agree that the amounts paid by or on behalf of the Defendants pursuant to this Agreement represent payment-in-full of (a) the Alleged Compensation Amount; and (b) any and all others amounts, including but not limited to alleged unpaid wages, alleged liquidated damages, and costs and attorneys' fees, to which the Plaintiffs claim or may claim entitlement as against the Defendants, including amounts pursuant to the Fair Labor Standards Act of 1938, as amended.

Plaintiffs' Initials J.R.\
J.H.L\
C.L\
E.L

14

As consideration for the payment of the settlement funds referenced above, the Plaintiffs stipulate to the entry of an order dismissing the Civil Action with prejudice.

_JEAN RICHARD LUC_
JEAN RICHARD LUC

Dated: _08 - 29 - 2011_

_Jean Hubert Luc_
JEAN HUBERT LUC

Dated: _08 - 29 - 2011_

_EDDY LUC_
EDDY LUC

Dated: _08 - 29 - 2011_

_Claudel Luc_
CLAUDEL LUC

Dated: _08 - 29 - 2011_

XQUISITE EVENTS, INC.

By: _____
     EDWARD H. CRISBERT

Its: _PRESIDENT_

Dated: _8/31/11_

SHAVITZ LAW GROUP, P.A.

By: _Keith M. Stern_

Dated: _08 - 30 - 2011_

Plaintiffs' Initials  _JRL_
                      _JHL_
                      _CL_
                      _E.L_

15

**Exhibit "B"**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-81473-CIV-ZLOCH/ROSENBAUM

JEAN RICHARD LUC, on his own behalf and
others similarly situated,

      Plaintiff,

v.

XQUISITE EVENTS, INC., a Florida Corporation,
and EDWARD GILBERT, individually,

      Defendants.
_____/

### JOINT MOTION TO REVIEW AND APPROVE FLSA SETTLEMENT
### AND DISMISS ACTION WITH PREJUDICE

      Plaintiff, Jean Richard Luc, Opt-In Plaintiffs, Jean Hubert Luc, Claudel Luc, and

Eddy Luc, along with Defendants, Xquisite Events, Inc., and Edward Gilbert, hereby jointly

move this Court to review and approve their settlement and dismiss this action with

prejudice, as follows:

      1.     In November 2010, Plaintiff, Jean Richard Luc, filed his Complaint in this

case seeking the recovery of unpaid overtime wages from her former employer, Xquisite

Events, Inc., in connection with Plaintiff's employment between approximately April 2008

and June 2010.

Plaintiffs' Initials  J.R.L
                                     JHL
                                     C.L
                                     E.L

2.      On January 4, 2011, Jean Hubert Luc, Claudel Luc, and Eddy Luc filed Consents to Join in this case as Opt-In Plaintiffs.

3.      On February 16, 2011, Plaintiffs filed their Statement of Claim pursuant to the Court's January 27, 2011 Order [D.E. 13], setting forth their preliminary, good faith estimates of their overtime wages, before having completed a comprehensive analysis of Defendants' time and compensation records [D.E. 19].

4.      On January 3, 2011, Defendants filed their Answer and Affirmative Defenses [D.E. 7].

5.      On January 19, 2011, Plaintiffs served their First Sets of Interrogatories, Requests for Production of Documents, and Requests for Admissions upon Defendants.

6.      On March 25, 2011, Defendants filed their Response to Plaintiff's Statement of Claim [D.E. 24], and while confirming Plaintiffs' dates of employment, rates of pay, and the manner in which Plaintiffs' hours worked were tracked and compensated, Defendants disputed that Plaintiffs were not paid for any overtime hours worked.  In this regard, Defendants asserted that the amounts alleged by Plaintiffs to be due and owing in overtime wages—which ranged from $1,500.00 to $27,000.00 per Plaintiff—failed to take into account the daily lunch breaks Defendants believed each Plaintiff took each day throughout their employment.

7.      Additionally, Defendants acknowledged in their Response to Plaintiffs' Statement of Claim that although they did not believe that any amounts were owed to

Plaintiffs' Initials  T.R.L
                      J.H.L
                      C.L
                      E.L

17

Plaintiffs, Defendants were re-reviewing their time and payroll records in light of possible errors pointed out by Plaintiffs' Counsel in order to determine whether any amounts should have been paid to Plaintiffs.

8.      On June 16, 2011, the parties participated in Mediation for almost five (5) hours and made progress in settlement negotiations towards a potential dispositive resolution of all of Plaintiffs' claims in this case.

9.      While the parties' negotiations at Mediation did not result in settlement at Mediation, the parties continued to engage in settlement discussions throughout the months of June and into July 2011 before ultimately reaching agreement on the terms of a nine (9) month payment plan to settle all claims of the named Plaintiff, the Opt-In Plaintiffs, and their attorneys' fees and costs.

10.      Under the parties' settlement, Defendants have agreed to pay nine (9) equal monthly payments of $1,625.00, for a total of $14,625.00, with the first payment set to be made within one week of this Court's dismissal of this action and the remaining eight (8) payments to be made at monthly intervals thereafter.  Under the parties' settlement, the amounts paid will be distributed as follows: (a) $1,400.00 for the Plaintiff's alleged overtime wages, liquidated damage and all other claims; (b) $3,000.00 for the claims of Opt-In Plaintiff Jean Hubert Luc; (c) $500.00 for the claims of Opt-In Plaintiff Eddy Luc; (d) $500.00 for the claims of Opt-In Plaintiff Claudel Luc; and (e) $8,087.50 in consideration of Plaintiffs' attorneys' fees and $1,067.50 in cost reimbursements, inclusive of the filing

Plaintiffs' Initials _J·R·L_
_JHL_
_C·L_
_E·L_

fee ($350.00), service of process costs ($80.00), and Plaintiffs' portion of the Mediation fee ($637.50).

11.     Pursuant to the Court's requirements, Plaintiffs advise the Court that after analyzing Defendants' time and compensation records, and preparing Excel Spreadsheets charting each Plaintiff's damages, the maximum amounts Plaintiffs could have recovered at trial between overtime wages and liquidated damages (including doubling) for the full three (3) year statute of limitations period would have been as follows:  (a) $1,474.80 for the named Plaintiff's alleged overtime wages, liquidated damage and all other claims; (b) $3,405.30 for Opt-In Plaintiff Jean Hubert Luc; (c) $4,120.80 for Opt-In Plaintiff Eddy Luc; and (d) $901.20 for Opt-In Plaintiff Claudel Luc.

12.     Defendants have at all times maintained that Plaintiffs were properly compensated for all of their actual overtime hours worked but Defendants have recognized the disputes between the parties concerning the meal period hours primarily alleged by Plaintiffs.

13.     Defendants believe that although Plaintiffs would not have proven an entitlement at trial to even the reduced amounts Plaintiffs calculated, under the parties' settlement Plaintiffs will each receive as much or more than they could have recovered at trial even if they had so prevailed.  Notwithstanding the meritorious defenses believe exist, Defendants have agreed to conclusively resolve this litigation under the terms set forth in the parties' Settlement Agreement in order to limit further expense, inconvenience and

Plaintiffs' Initials  T.R.L
                      J.H.L
                      C . L
                      E . L

19

avoid the time associated with an eventual trial in this case. Plaintiffs and Defendants have been represented by competent counsel experienced in the litigation of FLSA claims at all times and the settlement amount and Agreement were both the subject of arms-length negotiations between the parties.  Finally, Plaintiffs have entered into the settlement reached in this case in light of Plaintiffs' collective need to move on with other matters and obligations but also understanding that the amounts each Plaintiff will receive under the parties' settlement in relation to the financial circumstances of Defendants feasibly having to pay out the settlement sums over the nine (9) month period agreed to by and between the parties.

14.    Plaintiffs' Counsel's office maintains time records of the hours worked by attorneys and staff at Shavitz Law Group, P.A. as part of the firm's electronic time-keeping, "PC Law Pro" software.  Plaintiffs' Counsel's attorneys' fee time in this case totals approximately $12,302.50 between November 2010 and August 2011 (40.70 hours calculated at $275.00/hour for Keith M. Stern, Esquire totaling $11,192.50 and 14.80 paralegal hours calculated at $75.00/hour totaling $1,110.00). The compromise sum for attorneys' fees to be paid by Defendants under the parties' settlement is being accepted in resolution of all attorneys' fees owed to Plaintiffs' Counsel, and Plaintiffs have no further obligation to Plaintiffs' Counsel for any additional attorneys' fees or costs.

15.    The parties jointly advise the Court that the settlement reached in this case did not involve coercion, collusion or undue influence, but rather is a fair and reasonable

Plaintiffs' Initials J.R.L
                    JHL
                    C.L
                    E.L

20

settlement of Plaintiffs' alleged overtime claims and was arrived at through the negotiation of the parties and with the input, direction, and authorization of Plaintiffs and Defendants. The parties further advise the Court that their settlement herein includes every term and condition of the parties' settlement, as there are no undisclosed terms or provisions.

16.     Based upon the foregoing, the parties respectfully request the Court dismiss this action with prejudice pursuant to the settlement that was entered into between Plaintiffs and Defendants.

WHEREFORE, Plaintiff, Opt-In Plaintiffs, and Defendants respectfully request the Court issue an Order: (1) approving the parties' settlement; (2) dismissing this action with prejudice; and (3) retaining jurisdiction over this case to enforce the parties' settlement agreement.

Respectfully submitted this ____ day of August, 2011.

SHAVITZ LAW GROUP, P.A.
Counsel for Plaintiff
1515 S. Federal Hwy., Suite 404
Boca Raton, FL 33432
Tel:    (561) 447-8888
Fax:   (561) 447-8831

/s Keith M. Stern
Keith M. Stern
Florida Bar No. 321000
E-mail:  kstern@shavitzlaw.com

SHAPIRO BLASI WASSERMAN & GORA, P.A
Counsel for Defendants
7777 Glades Road, Suite 400
Boca Raton, FL  33434
Tel:    (561) 477-7800
Fax:   (561) 477-7722

/s Ellen M. Leibovitch
Ellen M. Leibovitch
Florida Bar No. 656933
E-mail:  emleibovitch@sbwlawfirm.com

Plaintiffs' Initials  _JRL_
_JHL_
_C.L_
_E.L_

21

**Exhibit "C"**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-81473-CIV-ZLOCH/ROSENBAUM

JEAN RICHARD LUC, on his own behalf and
others similarly situated,

     Plaintiff,

v.

XQUISITE EVENTS, INC., a Florida Corporation,
and EDWARD GILBERT, individually,

     Defendants.

_____/

## ORDER APPROVING SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE

     **THIS CAUSE** came before the Court upon review of the parties' settlement.  This

action arose pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.

§201 *et seq.* ("FLSA"), and the parties have sought the Court's approval of their settlement.

*See Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353 (11th Cir. 1982).  The

Court has reviewed the parties' settlement and is otherwise fully advised in the premises,

and it is hereby

     **ORDERED and ADJUDGED** that the parties' settlement is APPROVED and this

action is **DISMISSED WITH PREJUDICE**.  The Court retains jurisdiction to enforce the

parties' settlement agreement and the payment plan thereunder.

Plaintiffs' Initials _J.R.L._
_J H L_
_C.L_
_E. R._

22

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida this _____ day of _____, 2011.

_____

UNITED STATES DISTRICT COURT JUDGE

Copies furnished to:
All counsel of record

Plaintiffs' Initials J·R·L
                    JHL
                    C·L
                    E·L

23